1
2
3
4
5
6
7

**FILED**

NOV 1 9 2019

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

8

### UNITED STATES DISTRICT COURT

9

### FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11
12
13
14
15
16
17

GEORGE HOZI, individually, and on
behalf of other members of the general
public similarly situated; MANUEL
CHAVIRA, individually, and on behalf
of other members of the general pubic
similarly situated,

        Plaintiffs,

    vs.

18
19
20
21
22

INTEGRATED ENERGY
TECHNOLOGIES INC., an unknown
business entity; DONCASTERS GCE,
an unknown business entity; and DOES
1 through 100, inclusive,

        Defendants.

Case No.: 2:18-CV-02006-JAM-KJN

Honorable John A. Mendez
Courtroom 6

**CLASS ACTION**

**[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT**

Date:       November 19, 2019
Time:      1:30 p.m.
Courtroom:  6

23
24
25
26
27
28

1   This matter has come before the above-entitled Court on Plaintiffs George

2   Hozi and Manuel Chavira's ("Plaintiffs") Motion for Preliminary Approval of

3   Class Action Settlement.  Having considered the Motion, points and authorities

4   and declarations submitted in support of the Motion, including the Joint

5   Stipulation and Settlement Agreement of Class Action and PAGA Claims

6   ("Settlement," "Agreement," or "Settlement Agreement") entered into by and

7   between Plaintiffs, on behalf of themselves and the Class, and Defendant

8   Doncasters US Fabrications Inc., formerly known as Integrated Energy

9   Technologies Inc ("Defendant") and the Notice of Class Action Settlement

10  ("Notice"), and **GOOD CAUSE** appearing, **IT IS ORDERED** that the Motion is

11  **GRANTED**, subject to the following findings and orders:

12      1.   This Order incorporates by reference the definitions in the Settlement

13  Agreement, which, together with the exhibits annexed thereto, set forth the terms

14  and conditions for settlement of the Action, and all terms defined therein shall

15  have the same meaning in this Order as set forth in the Settlement Agreement.

16      2.   It appears to the Court on a preliminary basis that the Settlement is

17  fair, adequate, and reasonable.  It appears to the Court that extensive and costly

18  investigation and research have been conducted such that counsel for the Parties,

19  at this time, are able to reasonably evaluate their respective positions.  It further

20  appears to the Court that the Settlement, at this time, will avoid substantial

21  additional costs by all Parties, as well as avoid the delay and risks that would be

22  presented by the further prosecution of the Action.  It further appears that the

23  Settlement has been reached as the result of intensive, serious, and non-collusive

24  arms-length negotiations, and was entered into in good faith.

25      3.   The Court hereby grants Plaintiffs leave to file the [Proposed] Second

26  Amended Complaint for Damages and Enforcement Under the Private Attorneys

27  General Act, California Labor Code § 2698, Et Seq. ("Second Amended

28  Complaint") which is attached hereto as "**EXHIBIT 1**."  The Second Amended

1   Complaint shall be deemed filed as of the latter of the date of this Order or
2   December 13, 2019 (i.e., the date on which the expiration of the 65-day notice
3   period under PAGA will conclude), and shall be the operative complaint in the
4   action for purposes of the Settlement, including the release of claims.  In the event
5   that the Settlement does not become final, the Second Amended Complaint shall
6   be deemed stricken, null and void *ab initio*, with the previously-filed First
7   Amended Class Action Complaint for Damages being deemed the operative
8   complaint.

9        4.    The Court preliminarily finds that the Settlement appears to be within
10   the range of reasonableness of a settlement that could ultimately be given final
11   approval by this Court. The Court has reviewed the monetary recovery that is
12   being granted as part of the Settlement and preliminarily finds that the monetary
13   settlement awards to Settlement Class Members are fair, adequate, and reasonable
14   when balanced against the probable outcome of further litigation relating to
15   liability and damages issues.   The Court hereby preliminarily approves the
16   Settlement Agreement.

17        5.    For settlement purposes only, the Court hereby conditionally certifies
18   the following Class:

19        All current and former non-exempt, hourly employees employed by
20        Defendant in California at any time from May 4, 2014 to the date of
21        this Order.

22        6.    The   Court   preliminarily   finds   that   Plaintiffs   are   suitable
23   representatives for the Class and hereby preliminarily appoints them as
24   representatives for the Class conditionally certified by this Order.

25        7.    The Court hereby preliminarily appoints Edwin Aiwazian, Arby
26   Aiwazian, and Joanna Ghosh of Lawyers *for* Justice, PC ("Class Counsel") as
27   counsel for the Class, pursuant to Federal Rule of Civil Procedure 23(g). The
28   Court preliminarily finds that Class Counsel has demonstrable experience

-2-

1   litigating, certifying, and settling class actions, and will serve as adequate counsel

2   for the Class conditionally certified by this Order.

3       8.    Class Counsel are authorized to act on behalf of Class Members with

4   respect to all acts or consents required by, or which may be given pursuant to, the

5   Settlement, and such other acts reasonably necessary to consummate the

6   Settlement. Any Class Member may enter an appearance through counsel of such

7   individual's own choosing and at such individual's own expense.  Any Class

8   Member who does not enter an appearance or appear on his or her own will be

9   represented by Class Counsel.

10       9.    The Court hereby appoints Simpluris, Inc. ("Simpluris") as the

11   Administrator to administer the Settlement pursuant to the terms of the Settlement

12   Agreement.

13       10.    Pursuant to California Labor Code section 2699(l), the Court has

14   reviewed and hereby preliminarily approves the sum of Twenty Thousand Dollars

15   ($20,000) of the Maximum Settlement Amount to be paid as penalties pursuant to

16   the California Labor Code Private Attorneys General Act ("PAGA Payment").

17   The Court preliminarily approves payment of seventy-five percent (75%) of the

18   PAGA Payment (i.e., $15,000) to the Labor and Workforce Development Agency

19   ("LWDA Payment") and inclusion of twenty-five percent (25%) of the PAGA

20   Payment, or Five Thousand Dollars ($5,000), in the Net Settlement Amount to be

21   paid to the Settlement Class Members.

22       11.    The Court hereby approves, as to form and content, the Notice

23   attached hereto as "**EXHIBIT 2**" for distribution to the Class Members.

24       12.    The Court finds that the proposed plan for distribution of the Notice

25   substantially in the manner and form as set forth in the Settlement Agreement and

26   this Order meets the requirements of Federal Rule of Civil Procedure 23(e) and

27   due process, is the best notice practicable under the circumstances, and shall

28   constitute due and sufficient notice to all persons entitled thereto.  The Court

- 3 -

1   further finds that the Class Notice appears to fully and accurately inform the Class
2   Members of all material elements of the proposed Settlement, and of each Class
3   Member's right and opportunity to seek exclusion from the Settlement or object
4   to the Settlement.

5       13.   Within fifteen (15) calendar days from the latter of the date of entry of
6   this Order or December 13, 2019 (i.e., the date on which the expiration of the 65-
7   day notice period under PAGA will conclude), Defendant shall provide the
8   Administrator with the Class List, as outlined in the Settlement Agreement.
9   Within ten (10) calendar days of receipt of the Class List from Defendant, the
10   Administrator shall send a Notice to each Class Member via First-Class U.S. Mail
11   to his or her most current mailing address.

12       14.   Prior to the initial mailing, Simpluris shall perform a search using the
13   National Change of Address Database and update the Class List with any newly
14   known or identifiable address changes.

15       15.   The Court preliminarily approves the proposed procedure for
16   requesting exclusion from the Settlement. A Class Member may request exclusion
17   from or opt out of the Settlement by submitting a written request ("Request for
18   Exclusion") to the Administrator on or before the date that is sixty (60) calendar
19   days from the initial mailing of the Notice, or in the case of a re-mailed Notice,
20   the latter of the date that is sixty (60) calendar days from the initial mailing of the
21   Notice or seven (7) calendar days from the remailing of the Notice ("Response
22   Deadline"). The Request for Exclusion must include: 1) the Class Member's full
23   name address, telephone number, and the last four digits of his or her Social
24   Security number; 2) the case name and number of the Action; and 3) a clear
25   statement indicating that the Class Member seeks to be excluded from the
26   Settlement.   Any such Class Member who chooses to be excluded from the
27   Settlement will not be entitled to any recovery from the Net Settlement Amount,
28

- 4 -

1   will not have any right to object, appeal, or comment on the Settlement, or be
2   bound by the Settlement.

3       16.  The Court preliminarily approves the proposed procedure for
4   objecting to the Settlement. Only Settlement Class Members (i.e., Class Members
5   who do not submit a timely and valid Request for Exclusion) may object to the
6   Settlement by filing a written objection with the Court and serving it on the
7   Administrator on or before the Response Deadline. Any such objection must
8   include: 1) the objector's full name, signature, address, and telephone number; 2)
9   the case name and number of the Action; 3) a statement of all objections the Class
10   Member wishes to assert and the legal and factual basis for the objection (s); and
11   4) a statement of whether the objector intends to appear at the Final Approval
12   Hearing and whether he or she is represented by Counsel.

13       17.  A Final Approval Hearing is set before the Honorable John A. Mendez
14   in Courtroom 6 of the United States District Court for the Eastern District of
15   California located at the Robert T. Matsui United States Courthouse located at
16   501 I Street, Sacramento, California 95814, on _____
17   _April 21, 2020_____, at 1:30 p.m., to determine all necessary
18   matters concerning the Settlement, including: whether the proposed settlement of
19   the Litigation on the terms and conditions provided for in the Settlement is fair,
20   adequate, and reasonable, and should be finally approved by the Court; whether a
21   judgment, as provided in the Settlement, should be entered herein; whether the
22   plan of allocation contained in the Settlement should be approved as fair, adequate,
23   and reasonable to the Class Members; and to finally approve the requests and
24   allocations for the Incentive Payments, attorneys' fees and litigation costs and
25   expenses, and Settlement Administration Costs.

26       18.  Class Counsel shall file a motion for final approval of the requests for
27   Incentive Payments and attorneys' fees and litigation costs and expenses, and
28   approval of the Settlement Administration Costs, along with the appropriate

1  declarations and supporting evidence, including the Administrator's declaration

2  by ___*March 24, 2020*___, to be heard

3  at the Final Approval Hearing.

4      19.   As of the date this Order is signed, all dates and deadlines associated

5  with the Litigation shall be stayed, other than those contemplated herein and in the

6  Settlement Agreement and pertaining to the administration of the Settlement.

7      20.   The Court reserves the right to adjourn or continue the date of the Final

8  Approval Hearing and all dates provided for in the Settlement Agreement without

9  further notice to Class Members and retains jurisdiction to consider all further

10  applications arising out of or connected with the Settlement.

11  **IT IS SO ORDERED.**

12

13  DATE: ___*11-19-2019*___                                   _____

14                                           Honorable John A. Mendez

15                                         Judge of the United States District Court

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

Edwin Aiwazian (SBN 232943)
**L A W Y E R S** *for* **J U S T I C E, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
Tel: (818) 265-1020 / Fax: (818) 265-1021

*Attorneys for* Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE HOZI, individually, and on behalf of other members of the general public similarly situated; MANUEL CHAVIRA, individually, and on behalf of other members of the general public similarly situated;<br><br>        Plaintiffs,<br><br>    vs.<br><br>INTEGRATED ENERGY TECHNOLOGIES INC., an unknown business entity; DONCASTERS GCE, an unknown business entity; and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No.: 2:18-CV-02006-JAM-KJN<br><br>[PROPOSED] SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ.<br><br>(1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);<br>(2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums);<br>(3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums);<br>(4) Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages);<br>(5) Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid);<br>(6) Violation of California Labor Code § 204 (Wages Not Timely Paid During Employment);<br>(7) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements);<br>(8) Violation of California Labor Code § 1174(d) (Failure To Keep Requisite Payroll Records);<br>(9) Violation of California Labor Code §§ 2800 and 2802 (Unreimbursed Business Expenses); |

**SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL**

1

2          (10) Violation of California
               Business & Professions Code
3              §§ 17200, et seq.;
           (11) Violation of Cal. Lab. Code §
4              2698, et seq. (Private Attorneys
               General Act of 2004)
5
           **DEMAND FOR JURY TRIAL**
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL**

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1

2    COME NOW, Plaintiffs GEORGE HOZI ("Plaintiff HOZI") and

3    MANUEL CHAVIRA ("Plaintiff CHAVIRA"), individually, and on behalf of

4    other members of the general public similarly situated and on behalf of other

5    aggrieved employees pursuant to the California Private Attorneys General Act,

6    and allege as follows:

7

## JURISDICTION AND VENUE

8    1.    This class action was originally brought in the Superior Court for the

9    County of Sacramento pursuant to the California Code of Civil Procedure section

10    382.

11    2.    This Court has asserted jurisdiction over this action pursuant to the

12    Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d).

13    3.    Upon information and belief, Defendant is a Delaware corporation

14    doing business in California, and at all times hereinafter mentioned, an employer

15    whose employees are engaged throughout this District and throughout the State of

16    California. Defendant maintains offices, has agents, and is licensed to transact and

17    does transact business in this District.

18

## PARTIES

19    4.    Plaintiff GEORGE HOZI is an individual residing in the State of

20    California.

21    5.    Plaintiff MANUEL CHAVIRA is an individual residing in the State

22    of California.

23    6.    Defendant INTEGRATED ENERGY TECHNOLOGIES INC., at all

24    times herein mentioned, was and is, upon information and belief, a California

25    corporation, and at all times herein mentioned, an employer whose employees are

26    engaged throughout the State of California.

27    7.    Defendant DONCASTERS GCE, at all times herein mentioned, was

28    and is, upon information and belief, a California corporation, and at all times

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

3

herein mentioned, an employer whose employees are engaged throughout the State of California.

8.    At all relevant times, Defendants INTEGRATED ENERGY TECHNOLOGIES INC. and DONCASTERS GCE and were the "employer" of Plaintiffs within the meaning of all applicable California state laws and statutes.

9.    At all times herein relevant, Defendants INTEGRATED ENERGY TECHNOLOGIES INC., DONCASTERS GCE, and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors, co-conspirators and assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each defendant designated herein.

10.    The true names and capacities, whether corporate, associate, individual or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiffs who sue said defendants by such fictitious names. Plaintiffs are informed and believe, and based on that information and belief alleges, that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiffs and the other class members as alleged in this Complaint.  Plaintiffs will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

11.    Defendants INTEGRATED ENERGY TECHNOLOGIES INC., DONCASTERS GCE, and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants."

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

4

1

2     12.    Plaintiffs further allege that Defendants directly or indirectly
3 controlled or affected the working conditions, wages, working hours, and
4 conditions of employment of Plaintiffs and the other class members so as to make
5 each of said defendants employers and employers liable under the statutory
6 provisions set forth herein.

7 ## CLASS ACTION ALLEGATIONS

8     13.    Plaintiffs bring this action on their own behalf and on behalf of all
9 other members of the general public similarly situated, and, thus, seek class
10 certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil
11 Procedure.

12     14.    The proposed class is defined as follows:

13         All current and former hourly-paid or non-exempt individuals

14         employed by any of the Defendants within the State of California at

15         any time during the period from May 4, 2014 to final judgment.

16     15.    Plaintiffs reserve the right to establish subclasses as appropriate.

17     16.    The class is ascertainable and there is a well-defined community of
18 interest in the litigation:

19         a.    Numerosity: The class members are so numerous that joinder

20              of all class members is impracticable.  The membership of the

21              entire class is unknown to Plaintiffs at this time; however, the

22              class is estimated to be greater than fifty (50) individuals and

23              the identity of such membership is readily ascertainable by

24              inspection of Defendants' employment records.

25         b.    Typicality: Plaintiffs' claims are typical of all other class

26              members' as demonstrated herein.  Plaintiffs will fairly and

27              adequately protect the interests of the other class members

28              with whom they have a well-defined community of interest.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

5

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

c.   Adequacy: Plaintiffs will fairly and adequately protect the interests of each class member, with whom they have a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiffs have no interest that is antagonistic to the other class members.  Plaintiffs' attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  Plaintiffs have incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d.   Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

e.   Public Policy Considerations: Certification of this lawsuit as a class action will advance public policy objectives.  Employers of this great state violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  However, class actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights.

17.   There are common questions of law and fact as to the class members that predominate over questions affecting only individual members.  The following common questions of law or fact, among others, exist as to the members of the class:

a.   Whether Defendants' failure to pay wages, without abatement

**SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL**

1

2    or reduction, in accordance with the California Labor Code,

3    was willful;

4    b.    Whether Defendants' had a corporate policy and practice of

5          failing to pay their hourly-paid or non-exempt employees

6          within the State of California for all hours worked and missed

7          (short, late, interrupted, and/or missed altogether) meal periods

8          and rest breaks in violation of California law;

9    c.    Whether Defendants required Plaintiffs and the other class

10         members to work over eight (8) hours per day and/or over

11         forty (40) hours per week and failed to pay the legally required

12         overtime compensation to Plaintiffs and the other class

13         members;

14   d.    Whether Defendants deprived Plaintiffs and the other class

15         members of meal and/or rest periods or required Plaintiffs and

16         the other class members to work during meal and/or rest

17         periods without compensation;

18   e.    Whether Defendants failed to pay minimum wages to

19         Plaintiffs and the other class members for all hours worked;

20   f.    Whether Defendants failed to pay all wages due to Plaintiffs

21         and the other class members within the required time upon

22         their discharge or resignation;

23   g.    Whether Defendants failed to timely pay all wages due to

24         Plaintiffs and the other class members during their

25         employment;

26   h.    Whether Defendants complied with wage reporting as required

27         by the California Labor Code, including, *inter alia*,

28         section 226;

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

7

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

i.  Whether Defendants kept complete and accurate payroll records as required by the California Labor Code, including, *inter alia*, section 1174(d);

j.  Whether Defendants failed to reimburse Plaintiffs and the other class members for necessary business-related expenses and costs;

k.  Whether Defendants' conduct was willful or reckless;

l.  Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, et seq.;

m.  The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

n.  Whether Plaintiffs and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

18.  Class certification of the First through Tenth causes of action is appropriate pursuant to Rule 23(b)(3) because the aforementioned questions of law and fact common to the class predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices have unlawfully denied Plaintiffs and the other class members meal period premiums for all meal periods that were not provided in compliance with the applicable Industrial Welfare Commission ("IWC") Order and California Labor Code, have denied them rest period premiums for all rest periods that were not provided in compliance with the applicable IWC Order and California Labor Code, have denied them of minimum and overtime wages for all hours worked, have denied them payment of their final

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

wages in a timely manner, have denied them of accurate wage statements in compliance with the California Labor Code, have denied them from getting reimbursed for necessary business related expenses, and amount to unfair competition under California Business and Professions Code Sections 17200 et seq.  The damages suffered by individual class members are relatively small compared to the expense and burden of individual prosecution of this litigation.  For this reason, as well as the fact that class members currently employed by Defendants may fear direct or indirect retaliation from Defendants for prosecuting an action against Defendants, the class members' interests in individually controlling the prosecution of this action is minimal.  In addition, a class action in this forum is desirable as it will eliminate the risk of inconsistent rulings regarding the legality of Defendants' policies, practices, and procedures.  Managing this case as a class action will not present difficulties as the parties can utilize approved methods of random statistical sampling and expert testimony at trial.

19.    Once class certification is granted, Plaintiffs will send notice to all members of the class consistent with the requirements of Rule 23(c)(2) of the Federal Rules of Civil Procedure.  Specifically, Plaintiffs will submit a proposed notice to the Court for its approval, stating (i) the nature of this action, (ii) the definition of the certified class, (iii) the class claims, issues, and/or defenses, (iv) that a class member may enter an appearance through an attorney if he or she so desires, (v) that the Court will exclude from the class any member who requests exclusion, (vi) the time and manner for requesting exclusion, and (vii) the binding effect of a class judgment on class members under Rule 23(c)(3).

## PAGA ALLEGATIONS

20.    At all times herein set forth, PAGA was applicable to Plaintiffs employment by Defendants.

21.    At all times herein set forth, PAGA provides that any provision of law

9

1

2  under the California Labor Code that provides for a civil penalty, including unpaid
3  wages and premium wages, to be assessed and collected by the LWDA for
4  violations of the California Labor Code may, as an alternative, be recovered
5  through a civil action brought by an aggrieved employee on behalf of himself and
6  other current or former employees pursuant to procedures outlined in California
7  Labor Code section 2699.3.

8      22.    Pursuant to PAGA, a civil action under PAGA may be brought by an
9  "aggrieved employee," who is any person that was employed by the alleged
10  violator and against whom one or more of the alleged violations was committed.

11     23.    Plaintiffs were employed by Defendants and the alleged violations
12  were committed against him during his time of employment and he is, therefore,
13  an aggrieved employee.    Plaintiffs and the other employees are "aggrieved
14  employees" as defined by California Labor Code section 2699(c) in that they are
15  current or former employees of Defendants, and one or more of the alleged
16  violations were committed against them.

17     24.    Pursuant to California Labor Code sections 2699.3 and 2699.5,
18  aggrieved employees, including Plaintiffs, may pursue a civil action arising under
19  PAGA after the following requirements have been met:

20          a.    The aggrieved employee shall give written notice by certified
21                mail (hereinafter "Employee's Notice") to the LWDA and the
22                employer of the specific provisions of the California Labor
23                Code alleged to have been violated, including the facts and
24                theories to support the alleged violations.

25          b.    The LWDA shall provide notice (hereinafter "LWDA Notice")
26                to the employer and the aggrieved employer by certified mail
27                that it does not intend to investigate the alleged violation
28                within sixty (60) calendar days of the postmark date of the

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

10

**SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Employee's Notice. Upon receipt of the LWDA Notice, or if the LWDA Notice is not provided within sixty-five (65) calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code section 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

25.     On October 9, 2019, Plaintiffs each provided written notice by certified mail to the LWDA and to Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.  Therefore, the administrative prerequisites under California Labor Code section 2699.3(a) to recover civil penalties, in addition to other remedies, for violations of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512, 1174(d), 1194, 1194.2, 1197, 1197.1, 1198, 2800, and 2802 have been satisfied.

## **GENERAL ALLEGATIONS**

26.     At all relevant times set forth herein, Defendants employed Plaintiffs and other persons as hourly-paid or non-exempt employees within the State of California.

27.     Defendants, jointly and severally, employed Plaintiff HOZI as an hourly-paid, non-exempt employee from approximately January 2009 to approximately April 2015, in the State of California.

28.     Defendants, jointly and severally, employed Plaintiff CHAVIRA as an hourly-paid, non-exempt employee from approximately June 2014 to approximately July 2015, in the State of California.

29.     Defendants hired Plaintiffs and the other class members and classified them as hourly-paid or non-exempt employees, and failed to

11

1

2 compensate them for all hours worked and missed meal periods and/or rest
3 breaks.

4     30.    Defendants had the authority to hire and terminate Plaintiffs and the
5 other class members, to set work rules and conditions governing Plaintiffs' and
6 the other class members' employment, and to supervise their daily employment
7 activities.

8     31.    Defendants exercised sufficient authority over the terms and
9 conditions of Plaintiffs' and the other class members' employment for them to be
10 joint employers of Plaintiffs and the other class members.

11     32.    Defendants directly hired and paid wages and benefits to Plaintiffs
12 and the other class members.

13     33.    Defendants continue to employ hourly-paid or non-exempt
14 employees within the State of California.

15     34.    Plaintiffs and the other class members worked over eight (8) hours in
16 a day, and/or forty (40) hours in a week during their employment with
17 Defendants.

18     35.    Plaintiffs are informed and believe, and based thereon allege, that
19 Defendants engaged in a pattern and practice of wage abuse against their hourly-
20 paid or non-exempt employees within the State of California. This pattern and
21 practice involved, *inter alia*, failing to pay them for all regular and/or overtime
22 wages earned and for missed meal periods and rest breaks in violation of
23 California law.

24     36.    Plaintiffs are informed and believe, and based thereon allege, that
25 Defendants knew or should have known that Plaintiffs and the other class
26 members were entitled to receive certain wages for overtime compensation and
27 that they were not receiving accurate overtime compensation for all overtime
28 hours worked.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

12

1

37.     Plaintiffs are informed and believe, and based thereon allege, that Defendants failed to provide Plaintiffs and the other class members all required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

38.     Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiffs' and the other class member's regular rate of pay when a meal period was missed, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiffs' and the other class member's regular rate of pay when a meal period was missed.

39.     Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiffs' and the other class member's regular rate of pay when a rest period was missed, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiffs' and the other class members' regular rate of pay when a rest period was missed.

40.     Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked.

41.     Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive all wages owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period

13

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1

2 premiums, and they did not, in fact, receive all such wages owed to them at the
3 time of their discharge or resignation.

4      42.    Plaintiffs are informed and believe, and based thereon allege, that
5 Defendants knew or should have known that Plaintiffs and the other class
6 members were entitled to receive all wages owed to them during their
7 employment.  Plaintiffs and the other class members did not receive payment of
8 all wages, including overtime and minimum wages and meal and rest period
9 premiums, within any time permissible under California Labor Code section 204.

10     43.    Plaintiffs are informed and believe, and based thereon allege, that
11 Defendants knew or should have known that Plaintiffs and the other class
12 members were entitled to receive complete and accurate wage statements in
13 accordance with California law, but, in fact, they did not receive complete and
14 accurate wage statements from Defendants.  The deficiencies included, inter alia,
15 the failure to include the total number of hours worked by Plaintiffs and the other
16 class members.

17     44.    Plaintiffs are informed and believe, and based thereon allege, that
18 Defendants knew or should have known that Defendants had to keep complete
19 and accurate payroll records for Plaintiffs and the other class members in
20 accordance with California law, but, in fact, did not keep complete and accurate
21 payroll records.

22     45.    Plaintiffs are informed and believe, and based thereon allege, that
23 Defendants knew or should have known that Plaintiffs and the other class
24 members were entitled to reimbursement for necessary business-related expenses.

25     46.    Plaintiffs are informed and believe, and based thereon allege, that
26 Defendants knew or should have known that they had a duty to compensate
27 Plaintiffs and the other class members pursuant to California law, and that
28 Defendants had the financial ability to pay such compensation, but willfully,

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

14

1

2 knowingly, and intentionally failed to do so, and falsely represented to Plaintiffs

3 and the other class members that they were properly denied wages, all in order to

4 increase Defendants' profits.

5     47. During the relevant time period, Defendants failed to pay overtime

6 wages to Plaintiffs and the other class members for all overtime hours worked.

7 Plaintiffs and the other class members were required to work more than eight (8)

8 hours per day and/or forty (40) hours per week without overtime compensation

9 for all overtime hours worked.

10     48. During the relevant time period, Defendants failed to provide all

11 requisite uninterrupted meal and rest periods to Plaintiffs and the other class

12 members.

13     49. During the relevant time period, Defendants failed to pay Plaintiffs

14 and the other class members at least minimum wages for all hours worked.

15     50. During the relevant time period, Defendants failed to pay Plaintiffs

16 and the other class members all wages owed to them upon discharge or

17 resignation.

18     51. During the relevant time period, Defendants failed to pay Plaintiffs

19 and the other class members all wages within any time permissible under

20 California law, including, inter alia, California Labor Code section 204.

21     52. During the relevant time period, Defendants failed to provide

22 complete or accurate wage statements to Plaintiffs and the other class members.

23     53. During the relevant time period, Defendants failed to keep complete

24 or accurate payroll records for Plaintiffs and the other class members.

25     54. During the relevant time period, Defendants failed to reimburse

26 Plaintiffs and the other class members for all necessary business-related expenses

27 and costs.

28 ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

15

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

55. During the relevant time period, Defendants failed to properly compensate Plaintiffs and the other class members pursuant to California law in order to increase Defendants' profits.

56. California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

## FIRST CAUSE OF ACTION

### (Violation of California Labor Code §§ 510 and 1198)

### (Against INTEGRATED ENERGY TECHNOLOGIES INC., DONCASTERS GCE and DOES 1 through 100)

57. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 56, and each and every part thereof with the same force and effect as though fully set forth herein.

58. California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

59. Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiffs and the other class members employed by Defendants, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

60. The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiffs and the other class members overtime compensation at a rate of two times their regular rate of pay for all hours worked

16

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

in excess of twelve (12) hours in a day.

61.   California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

62.   During the relevant time period, Plaintiffs and the other class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week.

63.   During the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiffs and the other class members.

64.   Defendants' failure to pay Plaintiffs and the other class members the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

65.   Pursuant to California Labor Code section 1194, Plaintiffs and the other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

**SECOND CAUSE OF ACTION**

**(Violation of California Labor Code §§ 226.7 and 512(a))**

**(Against INTEGRATED ENERGY TECHNOLOGIES INC.,**

**DONCASTERS GCE and DOES 1 through 100)**

66.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 65, and each and every part thereof with the same force and effect as though fully set forth herein.

**SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL**

1

2    67.    At all relevant times, the IWC Order and California Labor Code

3    sections 226.7 and 512(a) were applicable to Plaintiffs' and the other class

4    members' employment by Defendants.

5    68.    At all relevant times, California Labor Code section 226.7 provides

6    that no employer shall require an employee to work during any meal or rest

7    period mandated by an applicable order of the California IWC.

8    69.    At all relevant times, the applicable IWC Wage Order and California

9    Labor Code section 512(a) provide that an employer may not require, cause or

10   permit an employee to work for a work period of more than five (5) hours per day

11   without providing the employee with a meal period of not less than thirty (30)

12   minutes, except that if the total work period per day of the employee is no more

13   than six (6) hours, the meal period may be waived by mutual consent of both the

14   employer and employee.

15   70.    At all relevant times, the applicable IWC Wage Order and California

16   Labor Code section 512(a) further provide that an employer may not require,

17   cause or permit an employee to work for a work period of more than ten (10)

18   hours per day without providing the employee with a second uninterrupted meal

19   period of not less than thirty (30) minutes, except that if the total hours worked is

20   no more than twelve (12) hours, the second meal period may be waived by

21   mutual consent of the employer and the employee only if the first meal period

22   was not waived.

23   71.    During the relevant time period, Plaintiffs and the other class

24   members who were scheduled to work for a period of time no longer than six (6)

25   hours, and who did not waive their legally-mandated meal periods by mutual

26   consent, were required to work for periods longer than five (5) hours without an

27   uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

28   72.    During the relevant time period, Plaintiffs and the other class

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

18

1

2   members who were scheduled to work for a period of time in excess of six (6)

3   hours were required to work for periods longer than five (5) hours without an

4   uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

5        73.    During the relevant time period, Defendants intentionally and

6   willfully required Plaintiffs and the other class members to work during meal

7   periods and failed to compensate Plaintiffs and the other class members the full

8   meal period premium for work performed during meal periods.

9        74.    During the relevant time period, Defendants failed to pay Plaintiffs

10   and the other class members the full meal period premium due pursuant to

11   California Labor Code section 226.7.

12        75.    Defendants' conduct violates applicable IWC Wage Order and

13   California Labor Code sections 226.7 and 512(a).

14        76.    Pursuant to applicable IWC Wage Order and California Labor Code

15   section 226.7(b), Plaintiffs and the other class members are entitled to recover

16   from Defendants one additional hour of pay at the employee's regular rate of

17   compensation for each work day that the meal or rest period is not provided.

18                            **THIRD CAUSE OF ACTION**

19                   **(Violation of California Labor Code § 226.7)**

20          **(Against INTEGRATED ENERGY TECHNOLOGIES INC.,**

21                **DONCASTERS GCE and DOES 1 through 100)**

22        77.    Plaintiffs incorporate by reference the allegations contained in

23   paragraphs 1 through 76, and each and every part thereof with the same force and

24   effect as though fully set forth herein.

25        78.    At all times herein set forth, the applicable IWC Wage Order and

26   California Labor Code section 226.7 were applicable to Plaintiffs' and the other

27   class members' employment by Defendants.

28   ///

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

19

79.   At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

80.   At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

81.   During the relevant time period, Defendants required Plaintiffs and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

82.   During the relevant time period, Defendants willfully required Plaintiffs and the other class members to work during rest periods and failed to pay Plaintiffs and the other class members the full rest period premium for work performed during rest periods.

83.   During the relevant time period, Defendants failed to pay Plaintiffs and the other class members the full rest period premium due pursuant to California Labor Code section 226.7

84.   Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

85.   Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(b), Plaintiffs and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

20

**SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL**

1

2

## FOURTH CAUSE OF ACTION

**(Violation of California Labor Code §§ 1194, 1197, and 1197.1)**

**(Against INTEGRATED ENERGY TECHNOLOGIES INC.,**

**DONCASTERS GCE and DOES 1 through 100)**

86.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 85, and each and every part thereof with the same force and effect as though fully set forth herein.

87.     At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

88.     During the relevant time period, Defendants failed to pay minimum wage to Plaintiffs and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1.

89.     Defendants' failure to pay Plaintiffs and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1.  Pursuant to those sections Plaintiffs and the other class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

90.     Pursuant to California Labor Code section 1197.1, Plaintiffs and the other class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

91.     Pursuant to California Labor Code section 1194.2, Plaintiffs and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

21

1

2
## FIFTH CAUSE OF ACTION

3
### (Violation of California Labor Code §§ 201 and 202)

4
### (Against INTEGRATED ENERGY TECHNOLOGIES INC.,

5
### DONCASTERS GCE and DOES 1 through 100)

6      92.    Plaintiffs incorporate by reference the allegations contained in

7   paragraphs 1 through 91, and each and every part thereof with the same force and

8   effect as though fully set forth herein.

9      93.    At all relevant times herein set forth, California Labor Code sections

10   201 and 202 provide that  if an employer discharges an employee, the wages

11   earned and unpaid at the time of discharge are due and payable immediately, and

12   if an employee quits his or her employment, his or her wages shall become due

13   and payable not later than seventy-two (72) hours thereafter, unless the employee

14   has given seventy-two (72) hours' notice of his or her intention to quit, in which

15   case the employee is entitled to his or her wages at the time of quitting.

16      94.    During the relevant time period, Defendants intentionally and

17   willfully failed to pay Plaintiffs and the other class members who are no longer

18   employed by Defendants their wages, earned and unpaid, within seventy-two (72)

19   hours of their leaving Defendants' employ.

20      95.    Defendants' failure to pay Plaintiffs and the other class members

21   who are no longer employed by Defendants' their wages, earned and unpaid,

22   within seventy-two (72) hours of their leaving Defendants' employ, is in violation

23   of California Labor Code sections 201 and 202.

24      96.    California Labor Code section 203 provides that if an employer

25   willfully fails to pay wages owed, in accordance with sections 201 and 202, then

26   the wages of the employee shall continue as a penalty from the due date thereof at

27   the same rate until paid or until an action is commenced; but the wages shall not

28   continue for more than thirty (30) days.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND ENFORCEMENT UNDER
THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ. AND
DEMAND FOR JURY TRIAL

97.   Plaintiffs and the other class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

## SIXTH CAUSE OF ACTION

### (Violation of California Labor Code § 204)

### (Against INTEGRATED ENERGY TECHNOLOGIES INC., DONCASTERS GCE and DOES 1 through 100)

98.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 97, and each and every part thereof with the same force and effect as though fully set forth herein.

99.   At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 1st and 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed.

100.   At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

101.   At all times herein set forth, California Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

102.   During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiffs and the other class members all wages due to them, within any time period permissible under California Labor Code section 204.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

23

103.   Plaintiffs and the other class members are entitled to recover all remedies available for violations of California Labor Code section 204.

### SEVENTH CAUSE OF ACTION

**(Violation of California Labor Code § 226(a))**

**(Against INTEGRATED ENERGY TECHNOLOGIES INC., DONCASTERS GCE and DOES 1 through 100)**

104.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 103, and each and every part thereof with the same force and effect as though fully set forth herein.

105.   At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

106.   Defendants have intentionally and willfully failed to provide Plaintiffs and the other class members with complete and accurate wage

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

24

statements. The deficiencies include, but are not limited to: the failure to include the total number of hours worked by Plaintiffs and the other class members.

107. As a result of Defendants' violation of California Labor Code section 226(a), Plaintiffs and the other class members have suffered injury and damage to their statutorily-protected rights.

108. More specifically, Plaintiffs and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

109. Plaintiffs and the other class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

110. Plaintiffs and the other class members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(h).

## EIGHTH CAUSE OF ACTION

### (Violation of California Labor Code § 1174(d))

### (Against INTEGRATED ENERGY TECHNOLOGIES INC., DONCASTERS GCE and DOES 1 through 100)

111. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 110, and each and every part thereof with the same force and effect as though fully set forth herein.

112. Pursuant to California Labor Code section 1174(d), an employer shall keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

25

by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments.  These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

113.  Defendants have intentionally and willfully failed to keep accurate and complete payroll records showing the hours worked daily and the wages paid, to Plaintiffs and the other class members.

114.  As a result of Defendants' violation of California Labor Code section 1174(d), Plaintiffs and the other class members have suffered injury and damage to their statutorily-protected rights.

115.  More specifically, Plaintiffs and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 1174(d) because they were denied both their legal right and protected interest, in having available, accurate and complete payroll records pursuant to California Labor Code section 1174(d).

## NINTH CAUSE OF ACTION

**(Violation of California Labor Code §§ 2800 and 2802)**

**(Against INTEGRATED ENERGY TECHNOLOGIES INC.,**

**DONCASTERS GCE and DOES 1 through 100)**

116.  Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 115, and each and every part thereof with the same force and effect as though fully set forth herein.

117.  Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

26

118.   Plaintiffs and the other class members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants.

119.   Defendants have intentionally and willfully failed to reimburse Plaintiffs and the other class members for all necessary business-related expenses and costs.

120.   Plaintiffs and the other class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

## TENTH CAUSE OF ACTION

**(Violation of California Business & Professions Code §§ 17200, et seq.)**

**(Against INTEGRATED ENERGY TECHNOLOGIES INC.,**

**DONCASTERS GCE, and DOES 1 through 100)**

121.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 120, and each and every part thereof with the same force and effect as though fully set forth herein.

122.   Defendants' conduct, as alleged in this Complaint, has been, and continues to be, unfair, unlawful and harmful to Plaintiffs and the other class members, and Defendants' competitors.  Accordingly, Plaintiffs and the other class members seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

123.   Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

124.   A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law.  In

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1

2    this instant case, Defendants' policies and practices of requiring employees,
3    including Plaintiffs and the other class members, to work overtime without
4    paying them proper compensation violate California Labor Code sections 510 and
5    1198. Additionally, Defendants' policies and practices of requiring employees,
6    including Plaintiffs and the other class members, to work through their meal and
7    rest periods without paying them proper compensation violate California Labor
8    Code sections 226.7 and 512(a). Moreover, Defendants' policies and practices of
9    failing to timely pay wages to Plaintiffs and the other class members violate
10   California Labor Code sections 201, 202, and 204. Defendants also violated
11   California Labor Code sections 226(a), 1174(d), 2800, and 2802.

12                          **Failure to Pay Overtime**

13         125.   Defendants' failure to pay overtime in violation of the Wage Orders
14   and California Labor Code sections 510 and 1198, as alleged above, constitutes
15   unlawful and/or unfair activity prohibited by California Business & Professions
16   Code section 17200, et seq.

17                       **Failing to Provide Meal Periods**

18         126.   Defendants' failure to provide legally required meal periods in
19   violation of the Wage Orders and California Labor Code sections 226.7 and
20   512(a), as alleged above, constitutes unlawful and/or unfair activity prohibited by
21   California Business & Professions Code section 17200, et seq.

22                       **Failure to Provide Rest Periods**

23         127.   Defendants' failure to provide legally required rest periods in
24   violation of the Wage Orders and California Labor Code section 226.7, as alleged
25   above, constitutes unlawful and/or unfair activity prohibited by California
26   Business & Professions Code section 17200, et seq.

27                       **Failure to Pay Minimum Wages**

28         128.   Defendants' failure to pay minimum wages in violation of the Wage

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

28

**SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND ENFORCEMENT UNDER
THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ. AND
DEMAND FOR JURY TRIAL**

1

2 Orders and California Labor Code sections 1194, 1197 and 1197.1, as alleged

3 above, constitutes unlawful and/or unfair activity prohibited by California

4 Business & Professions Code section 17200, et seq.

5 **Failure to Timely Pay Wages Upon Termination**

6 129.   Defendants' failure to timely pay wages upon termination in

7 violation of California Labor Code sections 201 and 202, as alleged above,

8 constitutes unlawful and/or unfair activity prohibited by California Business &

9 Professions Code section 17200, et seq.

10 **Failure to Timely Pay Wages During Employment**

11 130.   Defendants' failure to timely pay wages during employment in

12 violation of California Labor Code section 204, as alleged above, constitutes

13 unlawful and/or unfair activity prohibited by California Business & Professions

14 Code section 17200, et seq.

15 **Failure to Provide Compliant Wage Statements**

16 131.   Defendants' failure to provide compliant wage statements in

17 violation of California Labor Code section 226(a), as alleged above, constitutes

18 unlawful and/or unfair activity prohibited by California Business & Professions

19 Code section 17200, et seq.

20 **Failure to Keep Complete or Accurate Payroll Records**

21 132.   Defendants' failure to keep complete or accurate payroll records in

22 violation of California Labor Code section 1174(d), as alleged above, constitutes

23 unlawful and/or unfair activity prohibited by California Business & Professions

24 Code section 17200, et seq.

25 **Failure to Reimburse Necessary Business Expenses**

26 133.   Defendants' failure to reimburse all necessary business-related

27 expenses and costs in violation of California Labor Code sections 2800 and 2802,

28 as alleged above, constitutes unlawful and/or unfair activity prohibited by

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

29

California Business & Professions Code section 17200, et seq.

134. As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

135. Plaintiffs and the other class members have been personally injured and continue to be injured by Defendants' unlawful business acts and practices as alleged herein, including, but not necessarily limited to, the loss of money and/or property.

136. Pursuant to California Business & Professions Code section 17200, et seq., Plaintiffs and the other class members are entitled to restitution of the wages and other monies wrongfully withheld and retained by Defendants pursuant to California Labor Code sections 510 and 1198.

137. Pursuant to California Business & Professions Code section 17200, et seq., Plaintiffs and the other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences from May 4, 2014; an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

## ELEVENTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 2698, et seq.)

### (Against INTEGRATED ENERGY TECHNOLOGIES INC., DONCASTERS GCE and DOES 1 through 100)

138. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 137, and each and every part thereof with the same force and effect as though fully set forth herein.

139. PAGA expressly establishes that any provision of the California Labor Code which provides for a civil penalty to be assessed and collected by the LWDA, or any of its departments, divisions, commissions, boards, agencies or employees for a violation of the California Labor Code, may be recovered through a civil

30

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

action brought by an aggrieved employee on behalf of himself or herself, and other current or former employees.

140. Whenever the LWDA, or any of its departments, divisions, commissions, boards, agencies, or employees has discretion to assess a civil penalty, a court in a civil action is authorized to exercise the same discretion, subject to the same limitations and conditions, to assess a civil penalty.

141. Plaintiffs and the other hourly-paid or non-exempt employees, are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are all current or former employees of Defendants, and one or more of the alleged violations was committed against them.

### Failure to Pay Overtime

142. Defendants' failure to pay legally required overtime wages to Plaintiffs and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code sections 510 and 1198.

### Failure to Provide Meal Periods

143. Defendants' failure to provide legally required meal periods to Plaintiffs and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code sections 226.7 and 512(a).

### Failure to Provide Rest Periods

144. Defendants' failure to provide legally required rest periods to Plaintiffs and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code section 226.7.

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

31

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

### Failure to Pay Minimum Wages

145.   Defendants' failure to pay legally required minimum wages to Plaintiffs and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code sections 1194, 1197 and 1197.1.

### Failure to Timely Pay Wages Upon Termination

146.   Defendants' failure to timely pay wages to Plaintiffs and the other aggrieved employees upon termination in accordance with Labor Code sections 201 and 202 constitutes unlawful and/or unfair activity prohibited by California Labor Code sections 201 and 202.

### Failure to Timely Pay Wages During Employment

147.   Defendants' failure to timely pay wages to Plaintiffs and the other aggrieved employees during employment in accordance with Labor Code section 204 constitutes unlawful and/or unfair activity prohibited by California Labor Code section 204.

### Failure to Provide Complete and Accurate Wage Statements

148.   Defendants' failure to provide complete and accurate wage statements to Plaintiffs and the other aggrieved employees in accordance with Labor Code section 226(a) constitutes unlawful and/or unfair activity prohibited by California Labor Code section 226(a).

### Failure to Keep Complete and Accurate Payroll Records

149.   Defendants' failure to keep complete and accurate payroll records relating to Plaintiffs and the other aggrieved employees in accordance with California Labor Code section 1174(d) constitutes unlawful and/or unfair activity prohibited by California Labor Code section 1174(d).

///

///

**SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL**

**Failure to Reimburse Necessary Business-Related Expenses and Costs**

150.   Defendants' failure to reimburse Plaintiffs and the other aggrieved employees for necessary business-related expenses and costs in accordance with California Labor Code sections 2800 and 2802 constitutes unlawful and/or unfair activity prohibited by California Labor Code sections 2800 and 2802.

151.   Pursuant to California Labor Code section 2699, Plaintiffs, individually, and on behalf of all aggrieved employees, requests and is entitled to recover from Defendants and each of them, business expenses, unpaid wages, and/or untimely wages according to proof, interest, attorneys' fees and costs pursuant to California Labor Code section 218.5, as well as all statutory penalties against Defendants, and each of them, including but not limited to:

a.   Penalties under California Labor Code section 2699 in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation;

b.   Penalties under California Code of Regulations Title 8 section 11010, *et seq*. in the amount of fifty dollars ($50) for each aggrieved employee per pay period for the initial violation, and one hundred dollars ($100) for each aggrieved employee per pay period for each subsequent violation;

c.   Penalties under California Labor Code section 210 in addition to, and entirely independent and apart from, any other penalty provided in the California Labor Code in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

33

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

subsequent violation; and

    d.    Any and all additional penalties and sums as provided by the California Labor Code and/or other statutes.

152.   Pursuant to California Labor Code section 2699(i), civil penalties recovered by aggrieved employees shall be distributed as follows: seventy-five percent (75%) to the Labor and Workforce Development Agency for the enforcement of labor laws and education of employers and employees about their rights and responsibilities and twenty-five percent (25%) to the aggrieved employees.

153.   Further, Plaintiffs are entitled to seek and recover reasonable attorneys' fees and costs pursuant to California Labor Code sections 210, 218.5 and 2699 and any other applicable statute

## DEMAND FOR JURY TRIAL

Plaintiffs, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act, request a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act, pray for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1.    That this action be certified as a class action;

2.    That Plaintiffs be appointed as the representatives of the Class;

3.    That counsel for Plaintiffs be appointed as Class Counsel; and

4.    That Defendants provide to Class Counsel immediately the names and most current/last known contact information (address, e-mail and telephone

1   numbers) of all class members.

2   
3   <u>**As to the First Cause of Action**</u>

4   5.      That the Court declare, adjudge and decree that Defendants violated

5   California Labor Code sections 510 and 1198 and applicable IWC Wage Orders

6   by willfully failing to pay all overtime wages due to Plaintiffs and the other class

7   members;

8   6.      For general unpaid wages at overtime wage rates and such general

9   and special damages as may be appropriate;

10  7.      For pre-judgment interest on any unpaid overtime compensation

11  commencing from the date such amounts were due;

12  8.      For reasonable attorneys' fees and costs of suit incurred herein

13  pursuant to California Labor Code section 1194; and

14  9.      For such other and further relief as the Court may deem just and

15  proper.

16  <u>**As to the Second Cause of Action**</u>

17  10.     That the Court declare, adjudge and decree that Defendants violated

18  California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders

19  by willfully failing to provide all meal periods (including second meal periods) to

20  Plaintiffs and the other class members;

21  11.     That the Court make an award to Plaintiffs and the other class

22  members of one (1) hour of pay at each employee's regular rate of compensation

23  for each workday that a meal period was not provided;

24  12.     For all actual, consequential, and incidental losses and damages,

25  according to proof;

26  13.     For premium wages pursuant to California Labor Code section

27  226.7(b);

28  14.     For pre-judgment interest on any unpaid wages from the date such

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

35

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1

2  amounts were due;

3      15.    For reasonable attorneys' fees and costs of suit incurred herein; and

4      16.    For such other and further relief as the Court may deem just and

5  proper.

6                    **As to the Third Cause of Action**

7      17.    That the Court declare, adjudge and decree that Defendants violated

8  California Labor Code section 226.7 and applicable IWC Wage Orders by

9  willfully failing to provide all rest periods to Plaintiffs and the other class

10 members;

11     18.    That the Court make an award to Plaintiffs and the other class

12 members of one (1) hour of pay at each employee's regular rate of compensation

13 for each workday that a rest period was not provided;

14     19.    For all actual, consequential, and incidental losses and damages,

15 according to proof;

16     20.    For premium wages pursuant to California Labor Code section

17 226.7(b);

18     21.    For pre-judgment interest on any unpaid wages from the date such

19 amounts were due; and

20     22.    For such other and further relief as the Court may deem just and

21 proper.

22                   **As to the Fourth Cause of Action**

23     23.    That the Court declare, adjudge and decree that Defendants violated

24 California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay

25 minimum wages to Plaintiffs and the other class members;

26     24.    For general unpaid wages and such general and special damages as

27 may be appropriate;

28     25.    For statutory wage penalties pursuant to California Labor Code

section 1197.1 for Plaintiffs and the other class members in the amount as may be established according to proof at trial;

26.   For pre-judgment interest on any unpaid compensation from the date such amounts were due;

27.   For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

28.   For liquidated damages pursuant to California Labor Code section 1194.2; and

29.   For such other and further relief as the Court may deem just and proper.

### As to the Fifth Cause of Action

30.   That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiffs and the other class members no longer employed by Defendants;

31.   For all actual, consequential, and incidental losses and damages, according to proof;

32.   For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiffs and the other class members who have left Defendants' employ;

33.   For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

34.   For such other and further relief as the Court may deem just and proper.

### As to the Sixth Cause of Action

35.   That the Court declare, adjudge and decree that Defendants violated California Labor Code section 204 by willfully failing to pay all compensation

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

37

1

2  owed at the time required by California Labor Code section 204 to Plaintiffs and
3  the other class members;

4      36.    For all actual, consequential, and incidental losses and damages,
5  according to proof;

6      37.    For pre-judgment interest on any unpaid compensation from the date
7  such amounts were due; and

8      38.    For such other and further relief as the Court may deem just and
9  proper.

10                **As to the Seventh Cause of Action**

11     39.    That the Court declare, adjudge and decree that Defendants violated
12  the record keeping provisions of California Labor Code section 226(a) and
13  applicable IWC Wage Orders as to Plaintiffs and the other class members, and
14  willfully failed to provide accurate itemized wage statements thereto;

15     40.    For actual, consequential and incidental losses and damages,
16  according to proof;

17     41.    For statutory penalties pursuant to California Labor Code section
18  226(e);

19     42.    For injunctive relief to ensure compliance with this section, pursuant
20  to California Labor Code section 226(h); and

21     43.    For such other and further relief as the Court may deem just and
22  proper.

23                **As to the Eighth Cause of Action**

24     44.    That the Court declare, adjudge and decree that Defendants violated
25  California Labor Code section 1174(d) by willfully failing to keep accurate and
26  complete payroll records for Plaintiffs and the other class members as required by
27  California Labor Code section 1174(d);

28     45.    For actual, consequential and incidental losses and damages,

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

38

according to proof;

46.     For statutory penalties pursuant to California Labor Code section 1174.5; and

47.     For such other and further relief as the Court may deem just and proper.

## As to the Ninth Cause of Action

48.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiffs and the other class members for all necessary business-related expenses as required by California Labor Code sections 2800 and 2802;

49.     For actual, consequential and incidental losses and damages, according to proof;

50.     For the imposition of civil penalties and/or statutory penalties;

51.     For reasonable attorneys' fees and costs of suit incurred herein; and

52.     For such other and further relief as the Court may deem just and proper.

## As to the Tenth Cause of Action

53.     That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, et seq. by failing to provide Plaintiffs and the other class members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiffs and the other class members, failing to pay at least minimum wages to Plaintiffs and the other class members, failing to pay Plaintiffs' and the other class members' wages timely as required by California Labor Code section 201, 202 and 204 and by violating California Labor Code sections 226(a), 1174(d), 2800, and 2802.

54.     For restitution of unpaid wages to Plaintiffs and all the other class members and all pre-judgment interest from the day such amounts were due and

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

2 payable;

3    55.    For the appointment of a receiver to receive, manage and distribute
4 any and all funds disgorged from Defendants and determined to have been
5 wrongfully acquired by Defendants as a result of violation of California Business
6 and Professions Code sections 17200, et seq.;

7    56.    For reasonable attorneys' fees and costs of suit incurred herein
8 pursuant to California Code of Civil Procedure section 1021.5;

9    57.    For injunctive relief to ensure compliance with this section, pursuant
10 to California Business and Professions Code sections 17200, et seq.; and

11    58.    For such other and further relief as the court may deem just and
12 proper.

### As to the Eleventh Cause of Action

14    43.    For civil penalties and wages pursuant to California Labor Code
15 sections 2699(a), (f) and (g) plus costs and attorneys' fees for violation of
16 California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512,
17 1174(d), 1194, 1197, 1197.1, 1198, 2800, and 2802; and

18    44.    For such other and further relief as the Court may deem equitable
19 and appropriate

20 Dated: October 23, 2019                    **LAWYERS** *for* **JUSTICE, PC**

22                                      BY: /s/ Edwin Aiwazian
23                                          Edwin Aiwazian
                                            *Attorneys for* Plaintiffs

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

# EXHIBIT 2

*George Hozi, et al. v. Integrated Energy Technologies Inc., et al.*
*Case No. 2-18-CV-02006-JAM-KJN*
*United States District Court for the Eastern District of California*
**NOTICE OF CLASS ACTION SETTLEMENT**

*This is a court-authorized notice. This is not a solicitation from a lawyer.*

*You are not being sued. This Notice affects your rights. Please read it carefully. There are important deadlines below.*

**To:** **All persons who were employed by Doncasters US Fabrications Inc. ("Defendant" or "IET"), formerly known as Integrated Energy Technologies Inc., as non-exempt, hourly employees in California at any time from May 4, 2014 through [INSERT THE DATE OF ENTRY OF PRELIMINARY APPROVAL] ("Class Members").**

A proposed class action settlement has been reached in this case that resolves allegations that Defendant violated California wage-and-hour laws and thereby engaged in unfair practices under the California Business and Professions Code. Judge John A. Mendez of the United States District Court for the Eastern District of California has granted preliminary approval of the Settlement and ordered the parties to notify all Class Members of the terms of the Settlement. You have received this notice because IET's records indicate that you are a Class Member, and therefore may be eligible to receive a payment from the settlement.

Unless you choose to opt out of the settlement by following the procedures described below, you will be deemed a Settlement Class Member, and, if the Court grants final approval of the settlement and after resolution of any appeals, you will be mailed a check for your share of the settlement amount. Please be patient.

The Final Approval Hearing on the adequacy, reasonableness, and fairness of the Settlement will be held at [INSERT TIME] on [INSERT DATE] in Courtroom 6 of the Robert T. Matsui United States Courthouse located at 501 I Street, Sacramento, California 95814. You are not required to attend the Final Approval Hearing.

## 1. WHY IS THERE A SETTLEMENT?

On May 4, 2018, Plaintiff Plaintiffs George Hozi filed a Class Action Complaint for Damages and commenced this putative class action lawsuit ("Action") in the Sacramento County Superior Court, Case No. 34-2018-00232511. On June 1, 2018, Plaintiffs George Hozi and Manuel Chavira ("Plaintiffs") filed the First Amended Class Action Complaint for Damages. The Action was removed to United States District Court for the Eastern District of California.

On [date], Plaintiffs filed the Second Amended Class Action Complaint for Damages and Enforcement Under the Private Attorneys General Act, California Labor Code § 2698, Et Seq. ("Operative Complaint"). Plaintiffs allege that IET violated California wage-and-hour laws, with respect to Plaintiffs and the Class Members, by failing to pay all overtime and minimum wages, provide compliant meal and rest periods and associated premium pay, timely pay wages during employment and upon termination and associated waiting time penalties, provide compliant wage statements, keep complete and accurate payroll records, and reimburse business expenses, and thereby engaged in conduct constituting unfair business practices under the California Business and Professions Code section 17200, *et seq.* and conduct that gives rise to civil penalties recoverable under the Private Attorneys General Act ("PAGA"), California Labor Code section 2698, *et seq.*

IET denies all allegations of wrongdoing and maintains it complied at all times with applicable laws, rules, and regulations at issue in the lawsuit.

After significant investigation and exchanging information, documents, and data, Plaintiffs and Defendant (together, the "Parties") agreed to settle the case, subject to approval by the Court. The Parties executed the Joint Stipulation and Settlement Agreement of Class Action and PAGA Claims ("Settlement" or "Settlement Agreement").

On [date], the Court preliminarily approved the terms of the Settlement and preliminarily appointed Plaintiffs as representatives of the Class ("Class Representatives") and their attorneys Lawyers *for* Justice, PC as counsel for the Class ("Class Counsel").

While Class Counsel believes that the claims alleged in this lawsuit have merit, Class Counsel also recognizes that the risks and expenses of continued litigation justify settlement. Based on the foregoing, Class Counsel believes the proposed Settlement is fair, adequate, reasonable, and in the best interests of Class Members.

The Settlement is a compromise. The two sides disagree on how much money, if any, might have been awarded if the lawsuit went to trial. The Court did not find that IET violated the law.

## 2. WHAT ARE THE TERMS OF THE SETTLEMENT?

Plaintiffs and IET have agreed to resolve and settle the Action and the Released Claims (as defined below). As part of the Settlement, IET has agreed to pay the amount of $475,000.00 ("Maximum Settlement Amount"). The following amounts will be paid from the Maximum Settlement Amount, subject to approval by the Court: (1) Settlement Payments to all Class Members who do not submit timely and valid Requests for Exclusion ("Settlement Class Members"); (2) Incentive Payments in the amount of $6,500.00 for each Plaintiff for their services on behalf of the Class; (3) attorneys' fees in the amount of up to $166,250 (35% of the Maximum Settlement Amount) to Class Counsel; (4) reimbursement of litigation costs and expenses of up to $5,000 to Class Counsel; (5) Settlement Administration Costs of up to $8,000 to the Settlement Administrator; (6) payment for penalties pursuant to the Private Attorneys General Act, California Labor Code section 2698, *et seq.* ("PAGA Payment"), of which 75% will be distributed to the Labor and Workforce Development Agency ("LWDA") and 25% will be part of the Net Settlement Amount (as defined below) for distribution to Settlement Class Members; and (7) all employee and employer side payroll taxes arising from the wage portion of the Settlement Payments.

The "Net Settlement Amount" is the Maximum Settlement Amount minus the Court-approved payment for attorneys' fees and litigation costs and expenses to Class Counsel, the payment to the LWDA, Settlement Administration Costs, and Incentive Payments.

## 3. HOW MUCH MONEY WILL YOU GET IF YOU PARTICIPATE IN THE SETTLEMENT?

Each Class Member who does not submit a timely and valid Request for Exclusion (i.e., Settlement Class Member) is entitled to payment of a share of the Net Settlement Amount ("Settlement Payment") based on the workweeks that he or she was employed by IET in a non-exempt position from May 4, 2014 through [INSERT THE DATE OF ENTRY OF PRELIMINARY APPROVAL] ("Workweeks"). Settlement Payments are to be calculated and distributed as follows:

(a) The Administrator will calculate each Settlement Class Member's individual Workweeks according to the IET personnel and payroll records.

(b) The Net Settlement Amount will be divided by the total of all Workweeks of all Settlement Class Members to derive the "Workweek Rate."

(c) The Workweek Rate is multiplied by the individual Workweeks of each Settlement Class Member, which equals the pre-tax estimated Settlement Payment.

Settlement Payments will be allocated as thirty-three percent (33%) wages, for which a Form W-2 will be issued to the Settlement Class Member, and sixty-seven percent (67%) penalties and interest, for which IRS Form 1099 will be issued to the Settlement Class Member. Each Settlement Payment is subject to reduction for the employee's and employer's share of payroll taxes and withholdings on the wages portion of the Settlement Payment. Settlement Class Members should consult their tax advisors concerning the tax consequences of any payments received under the Settlement.

Funds represented by Settlement Payment checks that are not cashed or deposited within one hundred and eighty (180) calendar days after the checks are mailed to Settlement Class Members and funds associated with Class Members who opt out of the Settlement will remain the property of IET.

---

**According to IET's records, you worked a total of _____ Workweeks from May 4, 2014 to [INSERT THE DATE OF ENTRY OF PRELIMINARY APPROVAL]. Accordingly, your pre-tax Settlement Payment is estimated to be approximately $_____.**

---

## 4.  WHAT ARE MY OPTIONS UNDER THE SETTLEMENT?

### Option 1 – *Automatically Receive a Payment from the Settlement*

If you want to receive your payment from the settlement, then no further action is required on your part. You will automatically receive your Settlement Payment from the Administrator if and when the Court grants final approval of the Settlement and after appeals, if any, are resolved.

### Option 2 – *Dispute the Information in this Notice*

If you believe the number of Workweeks attributed to you and utilized in calculating your estimated Settlement Payment above is incorrect, you must submit a written statement to the Administrator that sets forth: (1) your full name, address, signature, and last four digits of your Social Security Number; (2) the case name and number of the Action; (3) a clear statement indicating that you dispute the number of Workweeks credited to you, and (4) all facts supporting your dispute, along with any written statements from witnesses in support thereof, and any other supporting evidence. Any disputes must be mailed to the Administrator, postmarked no later than [INSERT DATE] at the address listed on the last page of this Notice. If you submit a dispute which is not mailed to the Administrator and postmarked by [INSERT DATE], your dispute will be rejected.

If you dispute the information stated above, IET's records will control unless you are able to provide documentation that establishes otherwise. The Administrator's determination of the Workweeks properly credited to a Class Member will be final and binding.

### Option 3 – *Opt Out of the Settlement*

If you do not wish to participate in the Settlement and/or you wish to bring your own lawsuit on the claims in this case, you should exclude yourself from the Settlement by submitting a written request to be excluded to the Administrator ("Request for Exclusion"). The Request for Exclusion must contain: (1) your full name, address, telephone number and the last four digits of your Social Security Number; (2) the name and case number of the Action; and (3) a clear statement indicating that you seek to be excluded from the Settlement. The Request for

Exclusion must be submitted to the Administrator, postmarked on or before ███████████. The contact information of the Administrator is on the last page of this Notice. If you submit a Request for Exclusion which is not postmarked by ███████████, your Request for Exclusion will be rejected, and you will be included in the Settlement Class.

If you choose opt out of the Settlement, you will not be a Settlement Class Member, and you will: (1) be barred from participating in the Settlement, but you will not be considered to have released the Released Parties (as defined below) from the Released Claims (as defined below); (2) be barred from filing an objection to the Settlement; (3) not receive a payment from the Settlement; and (4) be able to bring your own lawsuit regarding the claims in the Action. Excluding yourself is telling the Court that you do not want to be part of the Settlement.

## Option 4 – *Object to the Settlement*

If you wish to object to the Settlement, you must file with the Court and serve on the Administrator a written statement objecting to the Settlement and providing notice of any intention to appear at the Final Approval Hearing. The written objection must include: (1) the objector's full name, signature, address, and telephone number; (2) the case name and number of the Action; (3) a statement of all objections that the objector wishes to assert and the legal and factual basis for the objection(s); and (4) a statement of whether the objector intends to appear at the Final Approval Hearing and whether you are represented by counsel. The objection must be mailed and postmarked to the Administrator and filed with the Court no later than ███████████. The Administrator's contact information is on the last page of this Notice. If you submit an objection which is not mailed or postmarked to the Administrator and filed with the Court by ███████████, your objection will be deemed to have been waived and you will be foreclosed from making any objection to the Settlement, unless otherwise ordered by the Court.

By submitting an objection, you are not excluding yourself from the Settlement. To exclude yourself from the settlement, you must follow the directions described above under "Option 3." You cannot both object to the Settlement and exclude yourself. If you submit a timely and valid Request for Exclusion and written objection, the Request for Exclusion will be honored.

If you object to the Settlement, you will still be eligible to receive money from the Settlement. If the Court overrules your objection and grants final approval of the Settlement, you will be considered to have released the Released Parties (as defined below) from the Released Claims (as defined below). You may object only if you stay in the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

If you wish to object, you may also appear at the Final Approval Hearing set for ███████████ at ███████████ in Courtroom 6 of the Robert T. Matsui United States Courthouse located at 501 I Street, Sacramento, CA, 95814, and discuss your objection with the Court and the Parties at your own expense. You may also retain an attorney, at your own expense, to represent you at the hearing.

## 5.   WHAT WILL I GIVE UP IF I PARTICIPATE IN THE SETTLEMENT?

If you participate in the Settlement and if the Court grants final approval of the Settlement and after any appeals are resolved, you will be mailed a check for your Settlement Payment. In addition, you will be considered to be fully releasing and forever discharging IET, its present and former directors, officers, employees, partners, principals, agents, corporate parents, subsidiaries and affiliates (including all corporations, limited liability corporations, or any other business organizations associated with such corporate parents, subsidiaries and affiliates), underwriters, issuers, insurers, coinsurers, reinsurers, controlling shareholders, advisors, personal or legal representatives, clients, predecessors, successors, parents, subsidiaries, joint ventures, assigns, associates,

related or affiliated entities (corporations, limited liability corporation, or any other business organization) ("Released Parties") from the following claims:

> Any and all known and/or unknown claims pled in the Operative Complaint or which could have been pleaded based upon the factual allegations pled in the Operative Complaint during the Class Period, including any and all claims which could have been alleged under the facts pleaded in the Operative Complaint for: (a) unpaid wages (including but not limited to overtime pay, minimum wage, regular wages, salary, bonuses, commissions, missed meal period pay, missed rest period pay, or paid time off), reporting time pay, split shift pay, expense reimbursement, and claims for interest, penalties (including but not limited to wait time penalties), or premiums in connection therewith, including those under the California Labor Code, California Wage Orders, or the Fair Labor Standards Act; (b) failure to provide compliant meal periods and rest breaks or compensation in lieu thereof (including, but not limited to, all claims arising under California Labor Code sections 226.7 and 512, and Wage Order No. 4-2001, paragraphs 11, 12, and 20); (c) failure to timely pay all wages due during employment and upon termination/resignation (including, but not limited to, all claims arising under California Labor Code sections 201, 202, 203, and 204); (d) failure to provide accurate itemized wage statements (including, but not limited to, all claims arising under California Labor Code sections 226, 1174, and 1175); (e) unfair, unlawful, and/or fraudulent business practices in violation of Business and Professions Code section 17200, *et seq.*; (f) all violations of the Private Attorneys General Act of 2004 (including, but not limited to, all claims arising under California Labor Code sections 2698, 2699, and 2699.3); (g) failure to pay minimum wage, including, but not limited to, all claims arising under California Labor Code sections 1194, 1197, and 1197.1; (h) failure to pay timely wages during employment, including, but not limited to, all claims arising under California Labor Code section 204; (i) failure to keep requisite business records, including, but not limited to, all claims arising under California Labor Code section 1174; (j) failure to reimburse business expenses, including, but not limited to, all claims arising under California Labor Code sections 2800 and 2802; (k) all claims for penalties, interest, and/or attorneys' fees under the California Labor Code, the applicable Wage Order, or otherwise, during the Class Period; and (l) all claims for injunctive relief, restitution, or punitive damages which could have been alleged under the facts pleaded in the Operative Complaint ("Released Claims").

Solely with respect to the Released Claims, and to effect a full and complete release of the Released Claims, you will expressly waive and relinquish all rights and benefits of California Civil Code section 1542, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

## 6.  DO I HAVE LAWYERS IN THIS CASE?

The lawyers that have been appointed to serve as counsel for the Class ("Class Counsel") are:

Edwin Aiwazian, Esq.
Arby Aiwazian, Esq.
Joanna Ghosh, Esq.
Lawyers *for* Justice, PC
410 Arden Ave., Suite 203

**Questions?  Contact the Administrator toll free at 1-███-███-████**

Glendale, California 91203
Phone: (818) 265-1020 / Fax: (818) 265-1021

All inquiries by Class Members regarding this Notice and/or the Settlement should be directed to the Administrator or Class Counsel.

## 7. WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

The Court will hold the Final Approval Hearing to decide whether to approve the Settlement on ▓▓▓▓▓▓, 2020, at ▓▓ a.m./p.m. in Courtroom 6 of the Robert T. Matsui United States Courthouse located at 501 I Street, Sacrament, California 95814. The Final Approval Hearing may be moved to a different date and/or time without further notice.

At the Final Approval Hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. The Court will also decide how much to award for attorneys' fees and litigation costs and expenses to Class Counsel, Incentive Payments to Plaintiffs, and Settlement Administration Costs to the Administrator. The Court may make its decisions at the time of the Final Approval Hearing or at a later time. We do not know how long the Court will take to provide a decision.

## 8. HOW DO I GET MORE INFORMATION?

This Notice of Class Action Settlement is only a summary of the case and the settlement. For a more detailed statement of the matters involved in the case and the settlement, you may refer to the pleadings, the Settlement Agreement, and other papers filed in the case, which may be inspected at the Clerk's Office of the United States District Court for the Eastern District of California, Sacramento Division located in room 4-200 on the 4th floor of the Robert T. Matsui United States Courthouse, 501 "I" Street, Sacramento, 95814, during regular business hours of each court day, or at [INSERT ADMINISTRATOR'S CASE WEBSITE WITH COPIES OF DOCUMENTS AVAILABLE FOR DOWNLOAD].

Any inquiries by Class Members regarding this Notice and/or the Settlement may be directed to the Administrator:



| ADMINISTRATOR |
| --- |
| [INSERT NAME] |
| [INSERT ADDRESS] |
| Phone No. ▓▓▓ |

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT OR THE JUDGE WITH QUESTIONS ABOUT THE SETTLEMENT.**