**FILED**

APR 20 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
         DEPUTY CLERK

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE HOZI, individually, and on behalf of other members of the general public similarly situated; MANUEL CHAVIRA, individually, and on behalf of other members of the general public similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>INTEGRATED ENERGY TECHNOLOGIES INC., an unknown business entity; DONCASTERS GCE, an unknown business entity; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 2:18-cv-02006-JAM-KJN<br><br>Honorable John A. Mendez<br>Courtroom 6<br><br>**CLASS ACTION**<br><br>**[~~PROPOSED~~] FINAL ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT**<br><br>[Plaintiffs' Motion for Final Approval of Class Action Settlement and Declaration of Settlement Administrator (Nick Castro) filed concurrently herewith]<br><br>Date:        April 21, 2020<br>Time:       1:30 p.m.<br>Courtroom:  6<br><br>Complaint Filed: May 4, 2018<br>FAC Filed:       June 1, 2018<br>SAC Filed:       December 16, 2019<br>Trial Date:      None Set |

1   This matter has come before the Honorable John A. Mendez in Courtroom 6 of the above-entitled Court, located at 501 I Street, Sacramento, California 95814, on Plaintiffs George Hozi and Manuel Chavira's ("Plaintiffs") Motion for Final Approval of Class Action Settlement ("Motion for Final Approval").

On November 19, 2019, the Court issued an order granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") (Dkt. No. 19), and thereby preliminarily approved the settlement of the above-entitled action ("Action") in accordance with the Joint Stipulation and Settlement Agreement of Class Action and PAGA Claims ("Settlement," "Agreement," or "Settlement Agreement") entered into by and between Plaintiffs and Defendant Doncasters US Fabrications Inc., formerly known as Integrated Energy Technologies Inc. ("Defendant"), which, together with the exhibits annexed thereto set forth the terms and conditions for settlement of the Action.

Having reviewed the Settlement Agreement and duly considered the parties' papers and oral argument, and good cause appearing,

**THE COURT HEREBY ORDERS, ADJUDGES, AND DECREES AS FOLLOWS:**

1.   All terms used herein shall have the same meaning as defined in the Settlement Agreement and Preliminary Approval Order.

2.   This Court has jurisdiction over the claims of the Class Members asserted in this proceeding and over all parties to the Action.

3.   With respect to the Class and for purposes of approving this Settlement only, this Court finds that: (a) the members of the Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Class, and there is a well-defined community of interest among members of the Class with respect to the subject matter of the Action; (c) the claims of Plaintiffs are typical of the claims of the members of the Class; (d) a class action is superior to other available methods for an efficient adjudication of this controversy; and (e) the counsel of record for Plaintiffs, Lawyers *for* Justice, PC, is qualified to serve as counsel for the Class. The Class is hereby defined to include:

All current and former non-exempt, hourly employees employed by Defendant in California at any time from May 4, 2014 to November 19, 2019.

4.     The Court confirms Lawyers *for* Justice, PC as counsel for the Class ("Class Counsel"), and Plaintiffs George Hozi and Manuel Chavira as representatives of the Class ("Class Representatives").

5.     The Notice of Class Action Settlement ("Notice") that was provided to the Class Members fully and accurately informed the Class Members of all material elements of the Settlement and of their opportunity to participate in, object to or comment thereon, or to seek exclusion from, the Settlement; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Class Members; and complied fully with the laws of the State of California, the United States Constitution, due process and other applicable law. The Notice fairly and adequately described the Settlement and provided Class Members with adequate instructions and a variety of means to obtain additional information.

6.     The Court hereby grants final approval to the Settlement and finds that it is reasonable and adequate, and in the best interests of the Class as a whole. More specifically, the Court finds that the Settlement was reached following meaningful discovery and investigation conducted by Class Counsel; that the Settlement is the result of serious, informed, adversarial, and arms-length negotiations between the parties; and that the terms of the Settlement are in all respects fair, adequate, and reasonable. In so finding, the Court has considered all of the evidence presented, including evidence regarding the strength of the Plaintiffs' case; the risk, expense, and complexity of the claims presented; the likely duration of further litigation; the amount offered in the Settlement; the extent of investigation and discovery completed; and the experience and views of Class Counsel. The Court has further considered the absence of any objections to the Settlement and requests to be excluded from the Settlement ("Requests for Exclusion") by Class Members. Accordingly, the Court hereby directs that the Settlement be affected in accordance with the Settlement Agreement and the following terms and conditions.

7.     A full opportunity has been afforded to Class Members to participate in the Final Approval Hearing, and all Class Members and other persons wishing to be heard have been

heard. Class Members also have had a full and fair opportunity to exclude themselves from the Settlement. Accordingly, the Court determines that all Class Members who did not submit a timely and validly Request for Exclusion to the Settlement Administrator ("Settlement Class Members") are bound by this Final Approval Order and Judgment.

8. The Court finds that payment of Settlement Administration Costs in the amount of $5,000 is appropriate for the services performed and costs incurred and to be incurred for the notice and settlement administration process. It is hereby ordered that the Settlement Administrator, Simpluris, Inc., shall issue payment to itself in the amount of $5,000, in accordance with the Settlement Agreement.

9. The Court finds that the allocation of $20,000 toward penalties under the California Private Attorneys General Act of 2004 ("PAGA Payment"), is fair, reasonable, and appropriate, and hereby approved. The Settlement Administrator shall distribute the PAGA Payment as follows: the amount of $15,000 to the California Labor and Workforce Development Agency, and the amount of $5,000 to be included in the Net Settlement Amount for distribution to Settlement Class Members, according to the terms set forth in the Settlement Agreement.

10. The Court hereby enters Judgment by which Settlement Class Members shall be conclusively determined to have given a release of any and all Released Claims against the Released Parties, as set forth in the Settlement Agreement and Notice.

11. It is hereby ordered that Defendant shall transmit the Maximum Settlement Amount to the Settlement Administrator within ten (10) business days of the date of Final Approval, in accordance with the Settlement Agreement.

12. It is hereby ordered that the Settlement Administrator shall distribute Settlement Payments to the Settlement Class Members once all preconditions to making the payments required and described by the Settlement are met, according to the methodology and terms set forth in the Settlement Agreement.

13. It is ordered that any and all Settlement Payment checks issued to Settlement Class Members that are not deposited or cashed within one hundred eighty (180) calendar days

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

from the date of their mailing will be cancelled and the funds associated with such cancelled checks shall remain the property of Defendant. The funds associated with Settlement Payments of those Class Members who submit a timely and valid Request for Exclusion ("Opt-Out Employees") shall also remain the property of Defendant.

14. After entry of this Final Approval Order and Judgment, the Court shall retain jurisdiction to construe, interpret, implement, and enforce the Settlement Agreement and this Final Approval Order and Judgment, to hear and resolve any contested challenge to a claim for settlement benefits, and to supervise and adjudicate any dispute arising from or in connection with the distribution of settlement benefits.

15. Notice of entry of this Final Approval Order and Judgment shall be given to the Class Members by posting a copy of the Final Approval Order and Judgment on Simpluris, Inc.'s website for a period of at least sixty (60) calendar days after the date of entry of this Final Approval Order and Judgment. Individualized notice is not required.

**IT IS SO ORDERED.**

DATE: April 20, 2020

Honorable John A. Mendez
Judge of the United States District Court